[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1521 
OPINION
This case requires us to address the question of who is a "sibling" within the meaning of the so-called sibling exception to adoption in dependency cases. (Welf. Inst. Code,[1]
§ 366.26, subd. (c)(1)(E).) In this case the trial court determined that an older half sister of the children involved in these proceedings was no longer a "sibling" because she had been adopted by the maternal grandmother. Consistent with this determination the trial court excluded all evidence regarding the sibling exception and ruled the exception inapplicable as a matter of law.
We will conclude the trial court erred in narrowly defining the term "sibling" as used in the statute and thus improperly excluded the proffered evidence. Since the court excluded all evidence and refused to consider the issue, we cannot apply a harmless error analysis to this case. We find this outcome particularly troublesome because from what is in the record the potential sibling bond may not have been sufficient to overcome the benefits to these children of the permanence of adoption. Accordingly, we will reverse the termination of parental rights and remand the case for a new permanency planning hearing. At that hearing the court will be directed to allow the admission of evidence relevant to the relationships between these children and their half sister and determine whether the "sibling exception" to adoption applies in this case. *Page 1522 
 FACTS AND PROCEDURAL BACKGROUND
Twin girls, Valerie and Victoria A., born in March 2003, are the subject of these dependency proceedings. They were removed from their mother's care on August 20, 2004, after their mother, Antonia M. (Mother) was arrested for a probation violation. Mother had previously lost parental rights to her daughter Adriana through dependency proceedings after Mother failed to reunify. Adriana was adopted by the maternal grandmother in 2003.
After the children were removed from Mother's custody they were placed with the maternal grandmother. The children lived with the maternal grandmother and Adriana until March 2005, when they were removed because the maternal grandmother reported she was "overwhelmed" and could no longer care for the children. The children were placed with nonrelative, extended family members (the caretakers).
The caretakers were granted de facto parent status on July 27, 2005. The caretakers have expressed interest in adopting the children. In the event the caretakers are unable to adopt, the San Diego County Health and Human Services Agency (Agency) reported multiple families are available to adopt a sibling group such as the twin girls in this case.[2]
After a contested section 366.26 hearing, the trial court found no beneficial parental relationship existed and terminated Mother's parental rights.
Mother has appealed contending the trial court erred in excluding all evidence regarding the sibling relationship between these children and their half sister Adriana and that the evidence established a beneficial parental relationship supporting the exception to adoption in section 366.26, subdivision (c)(1)(A). We find the trial court prejudicially erred in excluding all evidence regarding the sibling relationship with Adriana and therefore reverse the judgment. Accordingly, we find it unnecessary to discuss the parental relationship issues since we do not know what evidence will be presented on remand.
 DISCUSSION
The question of whether a sister, who has been adopted by the maternal grandmother, remains a "sibling" of the children before the court within the meaning of section 366.26, subdivision (c)(1)(E) is one of law and therefore subject to de novo review. (In re Tanyann W. (2002) 97 Cal.App.4th 675, 678
[118 Cal.Rptr.2d 596].) Our purpose in interpreting the statute is to "`ascertain the intent of the Legislature so as to effectuate the purpose of the *Page 1523 
law'" and to give a "plain and commonsense meaning" to the words in the statute. (Id. at pp. 678-679).
The so-called sibling relationship exception requires that a court not order the termination of parental rights where the evidence shows that such termination would substantially interfere with a sibling relationship, and the preservation of such relationship outweighs the benefit the child would receive from adoption into a permanent home. (§ 366.26, subd. (c)(1)(E); In re Erik P. (2002) 104 Cal.App.4th 395,403 [127 Cal.Rptr.2d 922].)
The parent bears the burden of proving both the existence of the sibling relationship and that its severance would be detrimental to the child. (In re L.Y.L. (2002)101 Cal.App.4th 942, 952 [124 Cal.Rptr.2d 688].) Thus the parent can challenge the trial court's ruling on such exception on appeal. (Id. at p. 948.)
The sibling relationship exception is but one of a number of measures enacted by the Legislature to address the significant relationships which exist between dependent children and their siblings, as well as other important family ties. (In reHector A. (2005) 125 Cal.App.4th 783, 794-795 [23 Cal.Rptr.3d 104].) For example, section 16002, subdivision (a), provides: "It is the intent of the Legislature to maintain the continuity of the family unit, and ensure the preservation and strengthening of the child's family ties ensuring that when siblings have been removed from their home, either as a group on one occurrence or individually on separate occurrences, the siblings will be placed in foster care together, unless it has been determined that placement together is not in the best interests of one or more siblings."
When parental rights are terminated, section 16002, subdivision (e) requires Agency to take all necessary steps to facilitate continuing sibling contact, unless the court determines by a preponderance of the evidence that such contact would be detrimental to one or more of the siblings.
While the sibling relationship exception in section 366.26, subdivision (c)(1)(E) does not contain a definition of the term "sibling," that term has been defined elsewhere in the statutes relating to the dependency process. In section 362.1, subdivision (c) and section 16002, subdivision (g) the term "sibling" is defined to mean ". . . a child related to another person by blood, adoption, or affinity through a common legal or biological parent." We have not found any provision in the statutes, nor has any been brought to our attention that declares a child loses his or her status as a sibling when the child has been adopted. There are provisions within the statute dealing with contact between such persons postadoption, but nothing indicates a legislative intent to redefine the term "sibling" as it applies to such persons. *Page 1524 
California Code of Regulations, title 22, section 35000, subdivision (s)(6), dealing with adoptions program regulations, entitled "Adoptions Program Terminology," defines "sibling" as "a brother or sister of an adoptee who was born to the same birth parent or parents of the adoptee."
Finally, we note that section 366.29 provides for postadoptive sibling contact. The section encourages adoptive parents to permit postadoptive contact among siblings. It permits voluntary contracts to be created in which the adoptive parents agree to permit continued contact with siblings. Such contracts can be enforced by the juvenile court if the parties, including the siblings, are thereafter unable to agree on compliance with such agreements.
Although section 366.26, subdivision (c)(1)(E), does not contain a definition of "sibling" as that term is used in the section, it is apparent from the statutory scheme that the Legislature has treated the term broadly as it relates to the important relationships of dependent children. It is likewise apparent the intent of these sections is to preserve, to the greatest extent possible, the relationships and contacts between siblings. Under any of the definitions of the term "sibling," Adriana qualifies as a sibling of these children.
In the case before us the twin girls lived with their biological half sister for a number of months. According to Mother's offers of proof in the trial court there was some form of regular visitation between the children and Adriana, who was the adopted child of the maternal grandmother, from the time of the twins' birth until the termination of parental rights. Whether there existed any significant bond between these young children and their sibling remains unanswered, as does the question of whether any such bond would be so strong that it would be detrimental to the children to terminate parental rights. There should be no doubt, however, that Adriana is a sibling of the children, for purposes of the dependency statutes even though she has been adopted by the maternal grandmother.
The statutes we have discussed clearly seek to aid children in our dependency system in preserving their important relationships even though family structures become fractured as a result of parental failure to successfully reunify with their children. If a child can pursue juvenile court enforcement of a postadoption voluntary contract for sibling contact, it seems apparent that children separated by the dependency process do not cease to be brothers or sisters for purposes of preserving relationships important to all of the affected children.
We conclude the trial court erred under these facts in declaring Adriana is not a sibling within the meaning of section 366.26, subdivision (c)(1)(E). Accordingly, we will reverse the judgment and remand the case for a new permanency planning hearing. *Page 1525 
 DISPOSITION
The judgment is reversed and the case remanded to the trial court with directions to conduct a new permanency planning hearing pursuant to section 366.26. At that hearing the court shall permit the presentation of evidence relevant to the issue of the sibling relationship between the children in this case and their sibling Adriana.
Nares, J., and Mclntyre, J., concurred.
A petition for a rehearing was denied June 20, 2006, and respondent's petition for review by the Supreme Court was denied August 16, 2006, S144955.
[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] Mother does not challenge the finding that the children are adoptable. *Page 1526