56 Cal.Rptr.3d 234 (2007)
148 Cal.App.4th 1041
In re HADLEY B., a Person Coming Under the Juvenile Court Law.
Orange County Social Services Agency, Plaintiff and Appellant,
Hadley B., Minor and Appellant,
v.
Cam B. et al., Defendants and Respondents.
Orange County Social Services Agency, Petitioner,
v.
The Superior Court of Orange County, Respondent;
Hadley B. et al., Real Parties in Interest.
Nos. G037558, G037689.
Court of Appeal of California, Fourth District, Division Three.
February 26, 2007.
As Modified March 22, 2007.
Benjamin P. de Mayo, County Counsel, Dana J. Stits, Aurelio Torre and Jeannie *235 Su, Deputy County Counsel, for Plaintiff, Appellant, and Petitioner Orange County Social Services Agency.
Rich Pfeiffer, under appointment by the Court of Appeal, for the Minor, Appellant, and Real Party in Interest, Hadley B.
Roni Keller, under appointment by the Court of Appeal, for Defendant, Respondent, and Real Party in Interest Cam B.
Janette Freeman Cochran, under appointment by the Court of Appeal, Los Angeles, for Defendant, Respondent, and Real Party in Interest Dung D.

OPINION
ARONSON, Acting P.J.
Orange County Social Services Agency (SSA) and minor, Hadley B., appeal the juvenile court's order dismissing a dependency petition after refusing to allow an amendment to include evidence of incidents occurring outside Orange County. In a second dependency petition on behalf of the same minor, the juvenile court struck all allegations of acts outside Orange County and of those litigated in the first petition. SSA filed a petition for extraordinary relief from the rulings on the second petition.[1]
On the appeal, we find the juvenile court erred in dismissing the original dependency petition and reverse, directing the juvenile court to dismiss the second petition, accept amendments to the original petition, and conduct another jurisdictional hearing. We deny the petition for extraordinary relief as moot.

I

Facts
SSA detained fourteen-year-old Hadley B. in May 2006, after he ran away from his father during a family visit to Orange County. Both parents refused to pick Hadley up from the police station after officers located the boy. Mother would not accept responsibility for Hadley, deferring all parenting to father. Father told the officer "he wanted his son taken to juvenile hall."
Hadley is the oldest of four siblings. Five years earlier, SSA removed the youngest, Anthony, from the parents' custody due to general neglect. He was made a dependent of the juvenile court, and the parents participated in reunification services for approximately one year. At the same time, SSA substantiated allegations that Hadley and his two other siblings, Kevin and Lily, also were neglected by the parents and suffered emotional abuse inflicted by father. SSA left the children in the home, however, and provided family maintenance services for several months. The juvenile court terminated Anthony's dependency in March 2002 and father reassumed custody of all the children.
Father had moved the family from Orange County to Goleta in Santa Barbara County three months before Hadley's detention. Mother does not live with the family, but "comes and goes from the house...." The parents regularly engage in physical and verbal violence towards each other. SSA filed a dependency petition alleging neglect, failure to protect, abandonment, and sibling abuse. (Welf. & Inst.Code, § 300, subds. (b), (g) & (j); all statutory references are to the Welfare and Institutions Code unless otherwise specified.)
Pending the jurisdictional hearing, Judge Kirkwood released Hadley to father, and they returned to Goleta. In the interim, the conflicts between Hadley and father continued. Hadley was truant from *236 school and generally "not doing well at his father's home." He and father did not speak to each other, and Hadley wanted SSA to place him in foster care. The social worker tried to arrange counseling in Goleta, but father would not cooperate. The social worker learned that Hadley had been arrested in April 2006, after he assaulted mother and stole her wallet.
In July, Hadley told the social worker he had thoughts of hurting himself. The social worker alerted mental health services in Ventura County. After meeting with Hadley, a clinician placed him on a section 5150 hospital hold. Hadley told the mental health worker that his father continued to berate him and grew more hostile before each court date. He continued to fear father's temper. Neither the social worker nor the hospital case manager wanted to release the child to father and extended his hospitalization an additional 10 days. (§ 5250.)
SSA attempted to file an amended petition adding as an additional basis for jurisdiction that Hadley suffered from serious emotional damage "as a result of the conduct of the parent" and because he "has no parent or guardian capable of providing appropriate care." (§ 300, subd. (c).) The amended petition alleged the parents negligently refused to obtain treatment for Hadley's serious emotional problems, including the depression and suicidal ideations that resulted in his hospitalization, and for his ongoing aggressive behavior. SSA asked the juvenile court to detain Hadley from father's custody based on the amended petition.
On July 28, Judge Kirkwood denied SSA's request to amend the petition, finding that Orange County was not a convenient forum. "[T]he court is not ignoring any of the allegations that have been brought .... Clearly, when we have a 13- or 14-year-old boy that is expressing suicidal thoughts, that is of significant concern. This is a question of, what is the proper forum for this matter to be heard?[¶] ... [¶][T]he witnesses to the new information, the new allegations, would be all up in the other countythe doctors, the nurses. [Neither] Santa Barbara [n]or Ventura [has] detained the child, but the authorities have had a much better ability to assess the situation and risk, and to evaluate if there is an immediate and urgent risk. [¶] ... [¶][T]here is an ability for interested parties in this county to petition the agency in the Santa Barbara or Ventura counties[] to conduct an investigation in this matter, and then [to] petition the court if the investigation isn't conducted.... [T]here is a voice for concerned individuals in this county to have the matter addressed in the appropriate county."
At the hearing on the original petition (August 10), the court barred all parties from asking questions of the witnesses regarding Hadley's psychiatric hospitalization. "The child in this case was brought in because he ran away from home and at one point the father was refusing to come get the child. If things happened up in Santa Barbara, ... the agency and minor's counsel ... don't get to circumvent the rules and usurp the authority of the other agency and court just because you had a case here filed first. [¶] And that's what I was addressing when I refused to accept the first amended petition. I understand that minor's counsel feels very strongly that there is a risk to the child because of conduct that occurred up in Santa Barbara, and I made it clear then, and I want to make it clear now, that the court's not making any findings as it relates to the conduct in Santa Barbara. By excluding it in this case, the court's not making any findings that it didn't happen or that it wasn't serious. [¶] The court is simply saying that there's [sic ] social workers in *237 this case in Orange County, but there's [sic] social workers in Santa Barbara County. There's a judge in this case, but there's a judge in Santa Barbara County, and it would be improper to assume that we have any better social workers here or better bench officers here that are in a better position to decide the facts that took place in Santa Barbara after this case was filed." The judge again noted that SSA or any other party could petition Santa Barbara authorities under section 329 if it felt that Santa Barbara should file a dependency petition on Hadley's behalf. "So bottom line is, I'm simply not going to allow you to circumvent what the court had already ruled at the earlier stage when I disallowed that petition. The court's hearing the trial as it relates to this case and these circumstances.... [¶] ... [¶][T]he court is not going to allow evidence to come in by way of testimony or cross-examination as to the conduct in Santa Barbara."
On August 16, the judge dismissed the original petition. That night, while driving home to Goleta with father, Hadley threatened to jump out of the moving car while still in Orange County. Father took the child to the Westminster Police Department, and Hadley was subsequently admitted to College Hospital in Costa Mesa. SSA detained Hadley and filed a new petition that included the allegations in the previously proposed amended petition and the details about the August 16 incident.
The new petition came before Judge Gastelum, who found a prima facie case and ordered Hadley detained from father's custody pending the jurisdictional hearing. The father subsequently filed a motion akin to a demurrer, arguing the petition failed to state a cause of action and was barred on res judicata grounds. On September 27, the court struck all references within the petition that related to pre-August 16 events. "[A] number of these allegations in the current petition were fully litigated before Judge Kirkwood in August of this year. [¶][A]s to [allegations occurring in Orange County, she] heard testimony and made findings including findings regarding credibility on very important issues. And the court is not going to relitigate those matters at this time. [¶] As to [the out-of-county allegations], Judge Kirkwood had specifically made a ruling that the venue as to those allegations was improper in this court.... And I'm going to respect that ruling." The court found the remaining allegations stated a cause of action, and set trial for October 20.
On September 11, the minor filed a notice of appeal from the juvenile court's ruling dismissing the original petition. SSA also filed a notice of appeal from that ruling on October 10. On October 12, SSA filed a petition for writ of mandate seeking relief from the juvenile court's ruling on the second petition and requesting a stay of the jurisdictional hearing. We granted a stay and set both matters for hearing.

II

DISCUSSION
Hadley and SSA contend that the juvenile court erred by refusing to allow SSA to amend the original petition to include the out-of-county evidence. We agree.
General principles underlying dependency proceedings compel our conclusion that the juvenile court adjudicating dependency jurisdiction must consider all the circumstances affecting the child, wherever they occur. The focus of dependency proceedings is on the child, not the parent or political boundaries. "[T]he purpose of the provisions of this chapter relating to dependent children is to provide maximum safety and protection for children *238 who are currently being physically, sexually, or emotionally abused, being neglected, or being exploited, and to ensure the safety, protection, and physical and emotional well-being of children who are at risk of that harm." (§ 300.2.) The juvenile court "stands in loco parentis to the minor in a proceeding whose primary consideration is the minor's welfare." (In re Danielle W. (1989) 207 Cal.App.3d 1227, 1235, 255 Cal.Rptr. 344.)
Concern for the minor's welfare necessarily requires the court to consider all the information available. The juvenile court is directed to "control all proceedings during the hearings with a view to the expeditious and effective ascertainment of the jurisdictional facts and the ascertainment of all information relative to the present condition and future welfare of the person upon whose behalf the petition is brought." (§ 350, subd. (a)(1), italics added.) SSA, for its part, is charged with the duty to investigate the minor's circumstances and make written reports and recommendations for the juvenile court to receive and consider. (§ 281.)
All parties agree SSA properly initiated dependency proceedings based on acts occurring in Orange County. But the juvenile court erred when it refused to allow SSA to amend the petition to include allegations based on acts occurring in either Santa Barbara County or Ventura County, apparently believing those counties offered a more convenient forum. The court compounded its error by excluding evidence of those acts as irrelevant to the pending allegations.
Section 327 defines the proper venue for a dependency proceeding. "Either the juvenile court in the county in which a minor resides or in the county where the minor is found or in the county in which the acts take place or the circumstances exist which are alleged to bring such minor within the provisions of Section 300, is the proper court to commence proceedings under this chapter." (Italics added.) Conceding that Orange County was a proper venue for Hadley's dependency proceedings, the parents argue the juvenile court has inherent discretion to refuse to hear a dependency petition on the grounds that there is a more convenient forum, pointing out that either Ventura or Santa Barbara County is more convenient because the family and potential witnesses reside there.
The parents confuse the doctrine of forum non conveniens with a change of venue. Forum non conveniens allows a California court to stay or dismiss an action if it finds the action should be adjudicated in another state. The doctrine allows a court that has jurisdiction over the action "to decline to exercise the jurisdiction ... when it believes that the action may be more appropriately and justly tried elsewhere." (Stangvik v. Shiley, Inc. (1991) 54 Cal.3d 744, 751, 1 Cal.Rptr.2d 556, 819 P.2d 14.) The cases cited by the parents involve the doctrine of forum non conveniens, which is codified in Code of Civil Procedure section 410.30. Venue rules, on the other hand, specify which county within California is the proper place for trial. (Code Civ. Proc., § 392 et seq.) The trial court in the county where the action is filed may change venue to another county "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change"; it cannot dismiss the case. (Code Civ. Proc., § 397, subd. (c).)
In any event, dependency proceedings are not subject to the Code of Civil Procedure or the Civil Code unless an express provision in the Welfare and Institutions Code makes them so. "Dependency proceedings in the juvenile court are special proceedings governed by their own *239 rules and statutes. (§ 300 et seq.; Cal. Rules of Court, rule [5.667] et seq.) Unless otherwise specified, [fn. omitted] the requirements of the Civil Code and the Code of Civil Procedure do not apply. [Citations.]" (In re Jennifer R. (1993) 14 Cal.App.4th 704, 711, 17 Cal.Rptr.2d 759.) The Welfare and Institutions Code provides for venue in dependency cases. (§ 327.) It also provides for a change of venue where the initiating county turns out to be different from, and less convenient than, the county of the minor's residence, but the juvenile court must first take jurisdiction over the child before it can transfer the case. (§ 375; Cal. Rules of Court, rule 5.610(c)(1)(A).)
Here, the juvenile court refused to hear evidence of the child's circumstances that occurred outside Orange County, then found the in-county allegations were insufficient to sustain the dependency petition. This was error. Piecemeal adjudication of dependency jurisdiction undermines the statutory goal of protecting children at risk. If each county considered only events occurring within its borders, the complete picture of the child's circumstances might never be seen. Furthermore, dependency cases are usually time-sensitive; delays while agencies and courts in two counties sort through convenience issues could result in the child's serious injury or death.
We express no opinion in this case whether the proffered out-of-county evidence would have been sufficient to sustain the original petition on behalf of Hadley. But the juvenile court erred as a matter of law when it categorically refused to allow SSA to file an amended petition and excluded relevant evidence of incidents occurring beyond Orange County's borders. This compels reversal. (See In re Valerie A (2006) 139 Cal.App.4th 1519, 1521, 43 Cal.Rptr.3d 734.)
After the court dismissed the original petition, SSA filed a second petition, which included all the previous allegations contained in the original petition and the proposed amended petition, and new allegations based on postdismissal events occurring in Orange County. Judge Gastelum relied on Judge Kirkwood's erroneous ruling to strike from the second petition all allegations based on out-of-county evidence; he also struck allegations based on events occurring in Orange County that Judge Kirkwood litigated.
As we have explained above, the juvenile court should have considered all relevant information relating to Hadley when adjudicating the second petition. This includes the out-of-county evidence erroneously excluded by Judge Kirkwood and the information based on facts previously litigated. Facts supporting allegations that a child is one described by section 300 are cumulative. (See In re Benjamin D. (1991) 227 Cal.App.3d 1464, 1470, 278 Cal.Rptr. 468 [juvenile court should consider relevant facts previously litigated in family law court in subsequent dependency jurisdiction hearing].) While a given quantum of evidence at a particular point in time may not support jurisdiction, those same facts considered together with new evidence may compel the court's intervention.

III

DISPOSITION
We reverse the order dismissing the original petition and remand to the juvenile court with directions to accept the proposed amendment to the petition and any other amendments containing relevant facts occurring since August 16, 2006, and to hold a new jurisdictional hearing. The juvenile court is directed to dismiss the second petition as superfluous. The petition for writ of mandate is denied as moot.
*240 Hadley shall remain detained until the jurisdictional hearing on the original petition, as amended, is heard.
WE CONCUR: FYBEL and IKOLA, JJ.
NOTES
[1] Minor moved to consolidate the appeal and the writ proceeding. We grant the motion.