Filed 11/5/13; part. pub. order 12/3/13 (see end on opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re LUKE H., a Person Coming Under the Juvenile Court Law. | |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LUKE H., <br><br> Defendant and Appellant; <br><br> DEBORAH H., <br><br> Objector and Respondent. | C071016 <br><br> (Super. Ct. No. JD231552) |

Luke H., age 18, appeals from an order of the Sacramento County Juvenile Court denying his petition for an order compelling his mother, Deborah H., to make his

1

nondependent sister, five-year-old Angel H., available for weekly visitation.[1]  Luke

contends (1) the juvenile court erred when it relied on *In re A.R.* (2012) 203 Cal.App.4th

1160 (*A.R.*) to deny his petition, (2) the court had authority to enter a visitation order

against mother with respect to a nondependent sibling, (3) the denial of his petition

seeking sibling visitation violated his constitutional right to due process, and (4) the court

denied him a meaningful hearing.  We conclude the juvenile court did not have

jurisdiction to grant Luke's modification petition for visitation with a nondependent

sibling.  We find the *A.R.* case to be controlling on this issue.  Luke's attempts to

distinguish *A.R.* are not persuasive.  The fact that the juvenile court had jurisdiction over

mother does not mean the court had jurisdiction to compel visitation with a sibling who is

not subject to the jurisdiction of the juvenile court.  Further, in this case, Luke did not

have a constitutional right to visitation with his nondependent sibling.  Finally, Luke has

forfeited his argument that there was no evidentiary hearing.  In any event, this argument

fails because the juvenile court had no jurisdiction to order visitation with a

nondependent sibling regardless of any evidence that would have been presented.

Accordingly, we affirm the juvenile court's order.

---

**1**      Welfare and Institutions Code section 303 allows the juvenile court to retain jurisdiction
over a dependent child of the court until the dependent attains the age of 21 years.

   Undesignated statutory references are to the Welfare and Institutions Code.

FACTUAL AND PROCEDURAL BACKGROUND[2]

### *Originating Circumstances*

In April 2011, the Sacramento County Department of Health and Human Services (the Department) received a referral from a mandated reporter expressing concerns about Luke's mental health related to ongoing abuse and exploitation by mother.

### *Section 300 Petition*

In April 2011, a petition was filed alleging Luke came within section 300, subdivision (c)[3], in that he was suffering serious emotional damage as a result of mother's conduct.  The petition alleged mother degrades and belittles Luke, deprives him of sleep as a form of punishment, yells at him for hours past his bedtime, threatens to "5150"[4] Luke if he does not listen to her, and engages in other excessively controlling, humiliating, and exploitive behavior.  The petition alleged that, as a result, Luke suffered physical symptoms including irritable bowel syndrome (IBS), rashes, shingles, and blood in his stool.

A separate, non-detaining petition was filed on behalf of Angel, a developmentally delayed five-year-old girl who had been adopted by mother.

---

[2]   In September 2012, this court issued an opinion in mother's appeal from the juvenile court's jurisdictional and dispositional orders.  (*In re Luke H.* (C069827; Sept. 11, 2012 [nonpub. opn.].)  Our summary of facts is taken from that opinion.

[3]   Section 300, subdivision (c), provides that a child is subject to the jurisdiction of the juvenile court if "[t]he child is suffering serious emotional damage, or is at substantial risk of suffering serious emotional damage, evidenced by severe anxiety, depression, withdrawal, or untoward aggressive behavior toward self or others, as a result of the conduct of the parent or guardian or who has no parent or guardian capable of providing appropriate care."

[4]   Section 5150 provides for 72-hour treatment and evaluation when a person, as a result of mental disorder, is a danger to others or to himself or herself, or gravely disabled.

*Detention*

At a detention hearing in May 2011, the juvenile court found a prima facie showing had been made that Luke comes within section 300. Luke was ordered detained with the family of his best friend.

*Contested Jurisdiction*

At a contested jurisdiction hearing in June 2011, the juvenile court sustained the section 300, subdivision (c), allegations. The court found Luke may suffer serious emotional damage as a result of anxiety and depression.

By stipulation of the parties, the juvenile court dismissed the section 300 petition as to Angel.

*Contested Disposition*

At the conclusion of a contested disposition hearing, the juvenile court found by clear and convincing evidence that there was a substantial risk Luke's physical health and emotional well-being would suffer if returned to mother. The court adjudged Luke a dependent and removed him from mother.

*Luke's Section 388 Modification Petition*

Mother refused to allow visitation between Luke and Angel. She explained to a social worker that, due to Luke's past history of involvement with child pornography, she was not comfortable letting Luke visit with Angel. In addition, allowing the visitation would expose mother to further allegations and emotionally destabilize Angel who was working to adjust to new family dynamics.

In February 2012, Luke filed a section 388 modification petition (modification petition) seeking to compel mother to make Angel available for weekly visits with him.

The juvenile court ordered that a hearing take place in March 2012, "because the best interest of the child may be promoted by the request."

In March 2012, mother filed opposition to Luke's modification petition seeking sibling visitation, citing her constitutional right to parent her nondependent child, Angel.

4

In March 2012, the juvenile court issued a tentative decision denying Luke's modification petition. In its ruling, the court stated, "[t]he decision is controlled by the case of" *A.R., supra,* 203 Cal.App.4th 1160.

At a hearing in April 2012, the juvenile court adopted the tentative decision as its final decision. The court first held former section 388, subdivision (b), does not apply to this case.[5] The court next held the policy of "fostering of sibling relationships" is "to protect groups of siblings who all come under the jurisdiction of the juvenile dependency court and to emphasize the importance of the role of the Court and the social services system once children become our children, to recognize the importance of keeping those children together." Expressly relying on *A.R., supra*, 203 Cal.App.4th 1160, the court

---

[5] Former section 388 provided in relevant part:

"(a) [T]he child himself or herself . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made . . . . The petition shall be verified and . . . shall set forth in concise language any change of circumstance or new evidence that is alleged to require the change of order . . . . [¶] (b) [A] child who is a dependent of the juvenile court, may petition the court to assert a relationship as a sibling related by blood, adoption, or affinity through a common legal or biological parent to a child who is, or is the subject of a petition for adjudication as, a dependent of the juvenile court, and may request visitation with the dependent child, placement with or near the dependent child, or consideration when determining or implementing a case plan or permanent plan for the dependent child or make any other request for an order which may be shown to be in the best interest of the dependent child. . . . The petition shall be verified and shall set forth the following:

"(1) Through which parent he or she is related to the dependent child.

"(2) Whether he or she is related to the dependent child by blood, adoption, or affinity.

"(3) The request or order that the petitioner is seeking.

"(4) Why that request or order is in the best interest of the dependent child." (Stats. 2011, ch. 459, § 10, effective Oct. 4, 2011.)

held it would be acting in excess of its jurisdiction if it ordered visitation between Luke and his nondependent sibling, Angel.

## DISCUSSION

Luke contends the juvenile court erred when it denied his modification petition seeking visitation with Angel, his nondependent sibling. Specifically, Luke contends (1) the juvenile court erred when it relied on *A.R.* to deny his petition, (2) the court had authority to enter a visitation order against mother with respect to a nondependent sibling, (3) the denial of his modification petition seeking sibling visitation violated his constitutional right to due process, and (4) the court denied him a meaningful hearing.

## I

### *The Juvenile Court's Reliance on A.R.*

Luke contends the juvenile court's reliance on *A.R., supra*, 203 Cal.App.4th 1160 was misplaced. This contention has no merit. In fact, *A.R.* is controlling in the resolution of the modification petition.

In *A.R.*, the appellate court reversed the portion of a dispositional order entitling A.M., a 17-year-old dependent child, to supervised visitation with her five-year-old half brother, A.R., whose dependency petition had been dismissed. The *A.R.* court described the limited jurisdiction of the juvenile court to make only those determinations authorized by specific statutory authority. (*A.R., supra*, 203 Cal.App.4th at p. 1170.) The court explained: "The filing of A.R.'s dependency petition vested the juvenile court with subject matter jurisdiction, i.e., the inherent authority to deal with the case or the matter before it. [Citation.] When the court dismissed A.R.'s petition following the jurisdictional hearing, A.R. was no longer in need of the juvenile court's protection and its jurisdiction over him terminated. [Citation.]" (*Ibid*.)

The *A.R.* court explained, "there is no statutory provision requiring sibling visitation in these circumstances." (*A.R., supra,* 203 Cal.App.4th at p. 1171.) The court first considered section 361.2, which provides: "Where the court has ordered removal of

6

the child from the physical custody of his or her parents pursuant to Section 361, the court shall consider whether there are any *siblings under the court's jurisdiction*, the nature of the relationship between the child and his or her siblings, the appropriateness of developing or maintaining the sibling relationships pursuant to Section 16002, and the impact of the sibling relationships on the child's placement and planning for legal permanence." (*Ibid.*) A.R. reasoned that, "[b]ecause A.R. was not under the court's jurisdiction at the time of A.M.'s dispositional hearing, this section is inapplicable." (*Ibid.*)

The *A.R.* court next considered section 388, subdivision (b), "which permits a person who desires a sibling relationship with *a child*, *who is either a dependent of the juvenile court or the subject of a dependency petition*, to petition the court to assert that relationship and seek, inter alia, visitation with the dependent child." (*A.R., supra,* 203 Cal.App.4th at p. 1171; italics added.) *A.R.* reasoned this statute "expressly requires the filing of a verified petition on behalf of a person seeking sibling visitation with a dependent of the juvenile court. Since no such petition was filed here, that section is inapplicable." (*Ibid.*)

We reach the same conclusion here. By stipulation of the parties, the juvenile court had dismissed the section 300 petition as to Angel. At that point, Angel was no longer in need of the court's protection and its jurisdiction over her terminated. Luke filed his modification petition following the dismissal in Angel's case and the disposition hearing in this case. At that point, the court had jurisdiction over Luke, not Angel. Because Angel no longer was under the court's jurisdiction, section 361.2 is inapplicable to the present case. Luke acknowledges section 388, subdivision (b), does not apply in his case. The fact that section 388, subdivision (b), allows a modification petition to be filed by persons other than a dependent child does not mean the petition may be targeted *at* a sibling *outside* the juvenile court's jurisdiction. Based on *A.R.*, we conclude there is no statutory authority providing for Luke's visitation with Angel and the juvenile court

7

had no jurisdiction to order such visitation. (See *A.R., supra,* 203 Cal.App.4th at p. 1171.)

## II

### *Juvenile Court's Jurisdiction to Order Visitation with a Nondependent Sibling*

Luke argues *A.R., supra*, 203 Cal.App.4th 1160 is distinguishable because the juvenile court had jurisdiction over mother and therefore, could issue a visitation order against mother. In *A.R.*, the custodial parent no longer was before the juvenile court. This argument misses the point. The *A.R.* court concluded there was "no statutory authority providing for" a court order compelling a nondependent child to visit a dependent. (*Id.* at p. 1171.) The juvenile court's jurisdiction over mother (Angel's custodial parent) does not matter. What matters is that the juvenile court had no statutory authority to enter a visitation order regarding a nondependent sibling.

Luke also attempts to distinguish *A.R.* because he sought a sibling visitation order pursuant to subdivision (a), not subdivision (b), of former section 388. This distinction does not make a difference in the juvenile court's jurisdiction over a nondependent child.

Former section 388, subdivision (a), identifies *persons who are entitled to petition* the juvenile court "to change, modify, or set aside any order of court previously made." (See fn. 5, *ante*.) Nothing in the subdivision purports to identify the legal basis upon which the juvenile court order may be changed, modified, or set aside. More specifically, the subdivision does not purport to identify *persons who, through the modification process, may be made subject to* an order of the court. Thus, while the subdivision authorized Luke, a dependent child, to file a petition to change a court order, it did not authorize the juvenile court to issue an order affecting a child outside the court's jurisdiction.

Similarly, section 385 allows a juvenile court to "change, modify or set aside its prior orders sua sponte." (*Nikolas F. v. Superior Court* (2006) 144 Cal.App.4th 92, 116.)

But this procedural provision does not authorize the court to make substantive changes or modifications that otherwise exceed the court's jurisdiction.

Luke argues that various statutory provisions support his contention that the juvenile court had jurisdiction to order visitation with Angel. None of these provisions provides such support. Luke relies on section 202, subdivision (a), which declares that one purpose of the juvenile court law is to "strengthen the minor's family ties whenever possible." However, the Legislature has not provided the juvenile courts with authority to issue orders compelling or directing the behavior of minors who are outside the court's jurisdiction.

Luke also relies on section 362, former subdivision (c), which provided: "The juvenile court may direct any and all reasonable orders to the parents or guardians of the child who is the subject of any proceedings under this chapter *as the court deems necessary and proper* to carry out the provisions of this section." (Italics added; Stats. 2000, chs., 908, 910, 911, § 1.5.) Here, the juvenile court considered Luke's modification petition but did not deem it necessary or proper. No abuse of discretion is shown.

Luke's reliance on section 16002 is puzzling. By its terms, this statute applies "when siblings have been removed from their home, either as a group on one occurrence or individually on separate occurrences." (§ 16002, subd. (a).) The statute has no application to this case where only one sibling was removed.

Luke cites section 362.1 and *In re Valerie A.* (2007) 152 Cal.App.4th 987, 1003 (*Valerie A.*) for the proposition that "the dependency statutory scheme allows a juvenile court to make orders that preserve the relationship of dependent and nondependent siblings." (See *In re Valerie A.* (2006) 139 Cal.App.4th 1519.) The argument is untimely because it is asserted for the first time in the reply brief. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 482, fn. 10.)

9

In any event, section 362.1 provides that an order placing a child in foster care shall provide "for visitation between the child and any siblings," "[*p*]ursuant to *subdivision (b) of Section 16002*." (§ 362.1, subd. (a)(2); italics added.) As we have noted, section 16002 applies where multiple children have been removed, either together or separately. Thus, section 16002, and by extension section 362.1, have no application where, as here, only one sibling is removed.[6]

### III

### *Constitutional Right to Visitation with Nondependent Sibling*

Luke contends the juvenile court's denial of his request for sibling visitation violated his Fourteenth Amendment right to due process. (U.S. Const., 14th Amend.) Relying on various authorities, Luke argues, "the sibling relationship is among the most important in life" and "recognition of siblings' fundamental right to visitation is consistent with past United States Supreme Court decisions." (Citing, e.g., *Moore v. East Cleveland* (1977) 431 U.S. 494 [52 L.Ed.2d 531] (*Moore*).) Luke's reliance on *Moore* is misplaced.

In *Moore*, a city housing ordinance limited occupancy of a dwelling unit to members of a single family. "But the ordinance contains an unusual and complicated definitional section that recognizes as a 'family' only a few categories of related individuals. [Citation.] Because her family, living together in her home, fits none of those categories," the appellant was convicted of a criminal offense. In a case that garnered no majority opinion, *Moore* held the ordinance violated the federal due process

---

[6]    The court in *Valerie A.*, *supra*, 152 Cal.App.4th 987 stated, "Section 362.1 governs visitation between a dependent child and a nondependent sibling." (*Id*. at p. 1003.) The court noted section 362.1's reference to subdivision (b) of section 16002, but it did not consider subdivision (a), which effectively limits section 16002 to removals of *sibling groups*. We respectfully decline to follow *Valerie A.* on this point.

clause. (*Moore, supra*, 431 U.S. at pp. 495-496, 505-521 [52 L.Ed.2d at pp. 535, 539-550].)

The salient aspect of *Moore* is a government policy (housing ordinance) that conflicted with an extended family's private decision to reside within a single household. In further support of finding a constitutional basis for sibling association, Luke also relies on *Aristotle P. v. Johnson* (N.D. Ill. 1989) 721 F.Supp. 1002, a case involving a government agency (child welfare) practice to place siblings in separate placements without providing visits among them on a reasonable basis. (*Id.* at pp. 1005, 1007, 1009-1010.) Here, in contrast, Luke is not challenging a governmental policy or practice that conflicts with a private family decision to allow Luke to visit Angel. Rather, Luke is challenging *the private decision of Angel's custodial parent to not allow the visitation*. Contrary to Luke's arguments and citations to various commentators on the importance of sibling relationships, Luke's right to sibling visitation in this case is not constitutionally protected.

Finally, Luke's reliance on grandparent visitation cases in the family courts is also misplaced. (E.g., *Troxel v. Granville* (2000) 530 U.S. 57*; In re Marriage of Harris* (2004) 34 Cal.4th 210.) Grandparent visitation rights are statutory. There are no statutes providing the juvenile court with authority to grant dependents the right to visit with nondependent siblings.

### IV

### *The Juvenile Court's Hearing on Luke's Modification Petition*

Luke contends not only that he had a right to petition for sibling visitation under section 388, subdivision (a), but also that the allegations of his modification petition were sufficient to warrant an evidentiary hearing. Luke acknowledges a hearing was held but claims it was not "meaningful" because he was denied the opportunity to present evidence in support of his petition.

11

Luke has forfeited this contention by failing to offer any such evidence at the April 2012 hearing in juvenile court.  After the court issued its March 2012 tentative decision to deny Luke's modification petition, his counsel requested "further argument" but did not request to present evidence.  At the hearing, Luke's counsel presented various arguments to the juvenile court but did not seek to introduce evidence.

Luke counters that a request to present evidence would have been futile because the juvenile court believed it had no authority to grant the modification petition seeking sibling visitation.  As we have explained, the court was correct in ruling it had no authority to order sibling visitation in this case.  Therefore, such evidence would not have made a difference in the juvenile court's ruling.  In any event, Luke has forfeited this contention on appeal by failing to describe the evidence that would have been presented or explain why it was reasonably likely to produce a different result.  (E.g., *People v. Hardy* (1992) 2 Cal.4th 86, 150; *People v. Wharton* (1991) 53 Cal.3d 522, 563.)

                              DISPOSITION

The order denying Luke's Welfare and Institutions Code section 388 modification petition is affirmed.


                                        _____HOCH_____, J.



We concur:



_____BLEASE_____, Acting P. J.



_____MAURO_____, J.


12

Filed 12/3/13

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re LUKE H., a Person Coming Under the Juvenile Court Law. | |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, | C071016 |
| Plaintiff and Respondent, | (Super. Ct. No. JD231552) |
| v. | |
| LUKE H., | ORDER FOR PARTIAL PUBLICATION |
| Defendant and Appellant; | |
| DEBORAH H., | |
| Objector and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Jerilyn L. Borack, J. Affirmed.

Beth A. Melvin, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Whisenhunt, County Counsel, and Lilly C. Frawley, Deputy County Counsel, for Plaintiff and Respondent.

_____

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part IV of the discussion.

1

The opinion in the above entitled matter, filed on November 5, 2013, was not certified for publication in the Official Reports. For good cause it now appears the opinion should be published in the Official Reports with the exception of part IV of the discussion and it is so ordered.

FOR THE COURT:


          BLEASE          , Acting P.J.


          MAURO          , J.


          HOCH          , J.

2