134 Nev., Advance Opinion 82

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| AMY MULKERN; AND VIVIAN MULKERN, Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE FRANK P. SULLIVAN, DISTRICT JUDGE, Respondents, and CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; CLARK COUNTY DISTRICT ATTORNEY'S OFFICE; BABY GIRL W., A MINOR; KENNETH WENDTLAND; AND ASHLEY WENDTLAND, Real Parties in Interest. | No. 76399 FILED OCT 18 2018 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus or prohibition challenging a district court order regarding an evidentiary hearing on the placement of a minor child in NRS Chapter 432B proceedings.

*Petition granted in part.*

Willick Law Group and Marshal S. Willick and Lorien K. Cole, Las Vegas, for Petitioners Amy Mulkern and Vivian Mulkern.

Steven B. Wolfson, District Attorney, and Tanner L. Sharp, Deputy District Attorney, Clark County, for Real Parties in Interest Clark County Department of Family Services and Clark County District Attorney's Office.

18-40945

Hutchison & Steffen, LLC, and Todd L. Moody, Las Vegas,
for Real Parties in Interest Kenneth Wendtland and Ashley Wendtland.

Legal Aid Center of Southern Nevada, Inc., and Adrian W. Rosehill, Las Vegas,
for Real Party in Interest Baby Girl W.

---

BEFORE PICKERING, GIBBONS and HARDESTY, JJ.

*OPINION*

PER CURIAM:

Both legislatures and courts across the nation have recognized the importance of sibling relationships, enacting and upholding laws to ensure "siblings enjoy the many advantages of growing up together and the attendant opportunities to forge meaningful, life-long relationships." *In re Carol B.*, 550 S.E.2d 636, 643, 646 (W. Va. 2001) (citing cases). Likewise, as discussed below, the Nevada Legislature has emphasized the importance of maintaining sibling relationships throughout our domestic relations statutes. One of those statutes, NRS 432B.550(5)(a), mandates that when a child is in foster care, the district court presume that the child's best interest is "to be placed together with the siblings of the child."

In this opinion, we consider whether the NRS 432B.550(5)(a) sibling presumption applies even after one of the siblings has been adopted. Although adoption severs a child's legal relationship with the biological parents and places with the adoptive parents the power of making all parental decisions concerning the child, we conclude that adoption does not preclude application of the legislative presumption that placing siblings together is in a child's best interest. Therefore, we grant in part this

 

petition for extraordinary relief, in which the adoptive family of a young child seeks to have the sibling presumption applied in determining the out-of-home placement of her biological baby sister.[1]

## FACTS

Real party in interest Baby Girl W. was born in October 2017 and declared a child in need of protection under NRS Chapter 432B shortly thereafter. As a dependent child, Baby Girl W. was placed into foster care, and adoption was later approved as her permanency plan.

Petitioner Amy Mulkern is the adoptive mother of Baby Girl W.'s 3-year-old biological half-sister, petitioner Vivian Mulkern. They live in Massachusetts. Real party in interest Clark County Department of Family Services (DFS) contacted Amy in January 2018 to see whether she would be interested in becoming an adoptive placement option for Baby Girl W. Amy subsequently completed the interstate placement process and was approved as a placement for Baby Girl W., but DFS determined that the baby had bonded with and should remain with her foster parents, who are also willing to adopt.

Amy sought relief in the district court dependency proceeding, and she and the foster parents were declared persons with a special interest under NRS 432B.457, which entitles them to offer placement recommendations and to testify at the placement hearing. The district court also determined that Amy and the foster parents were not entitled to counsel at the hearing or to file motions, that Vivian was not a person with a special interest, and that Vivian's adoption severed the sibling

---

[1]We previously granted this writ petition, in part, in an unpublished order. Petitioners filed a motion to publish our order, which we grant. We issue this opinion in place of our prior unpublished order. NRAP 36(f).

 

relationship such that NRS 432B.550(5)(a)'s rebuttable presumption—that a dependent child's placement with a sibling is in the child's best interest—did not apply here. Amy and Vivian then filed this writ petition challenging the district court's order. Real parties in interest timely filed answers, in which Baby Girl W. agreed with Amy and Vivian on the presumption issue, and DFS and the foster parents argued in support of the district court's order. Amy and Vivian also filed a reply.

## DISCUSSION

A writ of mandamus is available to compel the performance of an act required by law or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see* NRS 34.160. Its counterpart, a writ of prohibition, may be warranted when a district court acts without or in excess of its jurisdiction. NRS 34.320; *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012). This court has discretion as to whether to entertain a petition for extraordinary relief, *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 475, 168 P.3d 731, 737 (2007), and petitioners bear the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' briefs, we conclude that the district court is required, under NRS 432B.550(5), to apply the rebuttable sibling presumption in determining Baby Girl W.'s placement. NRS 432B.550(5)(a) mandates that the district court, in determining the placement of a child outside the custody of the child's parents, presume that it is in the child's best interest "to be placed together with the siblings of the child." *See also Clark Cty. Dist. Att'y, Juvenile Div. v. Eighth Judicial Dist. Court*, 123 Nev. 337, 346, 167 P.3d 922, 928 (2007) (stating that "the child's

best interest necessarily is the main consideration for the district court when exercising its discretion concerning placement" under NRS 432B.550). While no statute defines "sibling" for purposes of placements under NRS Chapter 432B, NRS 432B.550(5)(b) recognizes relative status based on consanguinity, and no party has identified any statute that expressly severs sibling status for placement purposes once one of the siblings is adopted.

Given the Legislature's emphasis on maintaining such relationships whenever possible throughout the domestic relations and dependency statutes, *see* NRS 432B.390(7) (providing that initial protective placements must keep siblings together whenever possible); NRS 128.110(2)(b) (stating that agencies having custody of a child must, upon termination of parental rights, place that child with his siblings if practicable); NRS 127.2825 (mandating that an agency placing a child for adoption must, to the extent practicable, give preference to a placement together with her siblings); NRS 125C.0035(4)(i) (providing that a district court making a custody decision must consider "the ability of the child to maintain a relationship with any sibling"), and without any further direct expression to the contrary, we cannot conclude that the Legislature intended that the sibling presumption disappear once a child is adopted. *See also In re Valerie A.*, 43 Cal. Rptr. 3d 734, 736 (Ct. App. 2006) (concluding that children remain siblings for purposes of the sibling exception to termination of parental rights even after one of the children is adopted). Accordingly, the NRS 432B.550(5)(a) rebuttable sibling presumption applies to this case.[2]

---

[2]We note that nothing in this decision affects statutory provisions governing rights to confidentiality, visitation, or inheritance, *see, e.g.*, NRS 127.160; *Bopp v. Lino*, 110 Nev. 1246, 1253, 885 P.2d 559, 563 (1994)

## CONCLUSION

Amy is a willing and approved placement option for Baby Girl W. Because she is the mother of Baby Girl W.'s biological sister, the rebuttable sibling presumption applies. We grant petitioners' petition, in part, and direct the clerk of this court to issue a writ of mandamus instructing the district court to apply the rebuttable sibling presumption under NRS 432B.550(5) in determining the placement of Baby Girl W. All other requested relief is denied as not warranting our extraordinary intervention at this time, as the district court has considered Amy's and Vivian's arguments, included Amy as a potential placement option, and invited Amy to participate as a person with special interest at the upcoming placement hearing under NRS 432B.457.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

---

(recognizing that adoption severs the *legal* grandparent-grandchild relationship and concluding that, by statute, birth grandparents have no right to seek visitation post-adoption), or requires DFS to go beyond its statutory duties to locate relatives for potential placement under NRS 432B.550(6) and NRS 128.110.

