Filed 6/16/21  P. v. Perez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GUY PEREZ,<br><br>    Defendant and Appellant. | F079351<br><br>(Super. Ct. No. SUF18323B)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P.J., Detjen, J. and Peña, J.

## INTRODUCTION

In 1996, a jury convicted petitioner Guy Perez of first degree felony murder (Pen. Code,[1] § 187), with the special circumstance that the murder occurred during the commission of a kidnapping (§§ 190.2, subd. (a)(17), 207).[2] For this offense, he was sentenced to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The court summarily denied the petition on the ground that petitioner was a major participant in the underlying felony who acted with reckless indifference to human life, a disqualifying factor pursuant to section 1170.95, subdivision (a)(3).

Petitioner appeals from the court's denial of his petition. He asserts that his petition was facially sufficient to establish that he fell within the provisions of section 1170.95, and the court therefore violated his statutory and constitutional rights by failing to appoint counsel and issue an order to show cause. He also argues the court improperly resolved disputed factual issues.

We conclude that any error by the court in failing to appoint counsel or afford petitioner the other procedures outlined in section 1170.95, subdivision (c) was harmless because the record establishes petitioner is ineligible for resentencing as a matter of law. We do not agree with petitioner's contention that the court resolved disputed factual issues but, even if it did, any error in doing so was harmless, again because petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 20, 1996, a jury convicted petitioner of first degree murder (§ 187; count 1), with a special circumstance that the murder was committed during the commission of a kidnapping (§§ 190.2, subd. (a)(17), 207) and kidnapping (§ 207,

---

[1] Undesignated statutory references are to the Penal Code.

[2] Petitioner also was convicted of kidnapping, as described below.

2.

subd. (a); count 2).[3]  On count 1, the court sentenced petitioner to life without the possibility of parole.  Sentence on count 2 was imposed and stayed pursuant to section 654.

On March 25, 2019, petitioner filed a petition for resentencing pursuant to section 1170.95.  In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder; he was convicted of first or second degree murder at trial; and he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.

On April 29, 2019, the People filed an opposition to the petition, arguing section 1170.95 is unconstitutional and, in any event, petitioner does not qualify for resentencing

---

[3]      The People filed a motion requesting that we take judicial notice of the record of petitioner's direct appeal in case No. F027679 on the ground that "[t]he trial court appears to have reviewed the trial record leading to its ruling."  Petitioner opposes the motion.

We grant the People's request in part and take judicial notice of our prior nonpublished opinion, *People v. Perez* (Aug. 6, 1998, F027679), which was submitted to the trial court and is referred to by both parties in their briefing.  That opinion reflects that petitioner's convictions arose out of an incident in which the victim was shot in the head multiple times in an orchard.  The victim was taken to the orchard in the trunk of petitioner's vehicle, and the actual killer was accompanied on that trip by petitioner and several others.  (*Ibid*.)

The remaining record in case No. F027679 is not relevant to our disposition of the instant appeal, and we therefore decline to grant the People's request for judicial notice as to that record.  (See *People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3 [court may not take judicial notice of any matter that is irrelevant].)  We note, in particular, that the court reporter was unable to prepare transcripts of petitioner's trial for the instant record on appeal due to the age of the case.  It therefore is apparent the trial court did not consider the trial transcripts when addressing the instant petition.  (See *People v. Preslie* (1977) 70 Cal.App.3d 486, 493 [generally, court should not take judicial notice of matter that has not been presented to and considered by the trial court in the first instance]; see also *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [same].)

3.

because the jury's finding on the kidnapping-murder special circumstance precluded him from making a prima facie showing that his conviction falls within the provisions of section 1170.95. The People included with their opposition a copy of this court's nonpublished opinion in petitioner's direct appeal (*People v. Perez*, *supra*, F027679), and also asked the court to take judicial notice of the entire court file.

On May 7, 2019, the court summarily denied the petition as follows:

> "The record shows petitioner was prosecuted under the felony murder theory. He was not the actual killer. He did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree. However, petitioner could be convicted of first degree murder today, regardless of the changes to sections 188 or 189, because he was a major participant who acted with reckless indifference to human life, as evidenced in the true finding on the special circumstance, as described in subdivision (d) of section 190.2.

> "Thus, the petition is **DENIED.**"

This timely appeal followed.

## DISCUSSION

**I.      Senate Bill No. 1437 (2017-2018 Reg. Sess.) and Section 1170.95**

" 'Effective January 1, 2019, Senate Bill [No.] 1437 amended murder liability under the felony-murder and natural and probable consequences theories.' " (*People v. Daniel* (2020) 57 Cal.App.5th 666, 672, review granted Feb. 24, 2021, S266336 (*Daniel*).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, " '[t]he bill redefined malice under section 188 to require that the principal acted with malice aforethought. Now, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)' " (*Daniel*, at p. 672; accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

4.

"A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[4] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)

"Section 1170.95 lays out a process for a person convicted of felony murder or murder under a natural and probable consequences theory to seek vacatur of his or her conviction and resentencing. First, the person must file a petition with the trial court that sentenced the petitioner declaring, among other things, that the petitioner 'could not be convicted of first or second degree murder because of changes to Section 188 or 189.' (§ 1170.95, subd. (a)(3); see § 1170.95, subd. (b)(1)(A).) Then, the trial court must 'review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of th[e] section.' (§ 1170.95, subd. (c).) If so, the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts. (§ 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must 'prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (*Ibid.*)" (*Gentile*, *supra*, 10 Cal.5th at p. 853.)

---

**4** Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *Daniel*, *supra*, 57 Cal.App.5th at p. 672, review granted.)

"Since Senate Bill [No.] 1437 was adopted and its mechanism for retroactive application has come into play through the filing of section 1170.95 petitions, many questions have arisen about that process and percolated up through appeals from resentencing decisions." (*People v. Duchine* (2021) 60 Cal.App.5th 798, 811, fn. omitted.) Those questions pertain primarily to section 1170.95, subdivision (c) (hereinafter sometimes referred to as "subdivision (c)"), which "addresses the procedure by which a trial court determines whether the petitioner is entitled to an evidentiary hearing." (*People v. Cooper* (2020) 54 Cal.App.5th 106, 114, review granted Nov. 10, 2020, S264684 (*Cooper*).) Section 1170.95, subdivision (c) provides in full:

> "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor['s] response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Courts of Appeal are divided on several questions arising under subdivision (c). Relevant here, the Courts of Appeal are split regarding when the right to counsel arises under subdivision (c). Our Supreme Court has granted review to decide this question. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598 (*Lewis*).) In the meantime, one court has held that the right to counsel attaches immediately upon the filing of a facially sufficient petition that includes all the information required under section 1170.95, subdivision (b). (*Daniel*, *supra*, 57 Cal.App.5th at p. 673, review granted; *Cooper*, *supra*, 54 Cal.App.5th at pp. 109, 114, review granted.) That court construed the first sentence of subdivision (c) to state a general rule, with the rest of the subdivision establishing a process for complying with that rule: " 'Appoint counsel, if requested. Wait for the prosecutor's required response

and the petitioner's optional reply. If the petitioner makes a prima facie showing, issue an order to show cause.' " (*Cooper*, at p. 115.)

Other courts have read the two references to a "prima facie showing" in the first and fifth sentences of subdivision (c) as requiring two different prima facie reviews – one to determine whether the petitioner "falls within the provisions" of the statute and one to determine whether the petitioner is "entitled to relief" – with each review to occur at a different chronological point in time. (*Lewis*, *supra*, 43 Cal.App.5th at p. 1140, review granted; see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328-333, review granted Mar. 18, 2020, S260493 (*Verdugo*).) Under this reading of the statute, courts have concluded that a petitioner is entitled to counsel (as well as the other procedures provided for under subd. (c)) only after the trial court determines the petitioner has made the threshold showing required to satisfy the first prima facie review. (*Lewis*, at p. 1140; *Verdugo*, at p. 332.)

Courts of Appeal also are divided on the question of whether a trial court may look beyond a facially sufficient petition to determine whether a defendant has made a prima facie showing that he or she falls within the provisions of the statute. Our Supreme Court also granted review to decide this question in *Lewis*, *supra*, 43 Cal.App.5th 1128. In the meantime, some courts have held that a trial court may examine the petition, as well as the court's own files, the record of conviction, or an appellate court opinion from the petitioner's direct appeal. (*Lewis*, at p. 1138, review granted; see *Verdugo*, *supra*, 44 Cal.App.5th at p. 333, review granted.) Another court has held that a trial court may not rely on the record of conviction to deny a facially sufficient petition, and instead may only rely on the record of conviction to deny a petition "*after* deeming it facially sufficient, appointing counsel, and receiving briefing from the parties." (*Daniel*, *supra*, 57 Cal.App.5th at p. 677, review granted; see *Cooper*, *supra*, 54 Cal.App.5th at pp. 125-126, review granted.)

## II.    Petitioner is Ineligible for Resentencing

Petitioner contends the trial court erred by summarily denying his facially sufficient petition, rather than appointing counsel, issuing an order to show cause, and otherwise following the procedures set forth in section 1170.95, subdivision (c).  We conclude we need not resolve whether the facially sufficient petition gave rise to petitioner's right to appointed counsel and other procedural rights under subdivision (c) because the error here, if any, was harmless.  This is because the jury's special circumstance finding establishes that petitioner is ineligible for resentencing as a matter of law.

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner bears the burden of showing it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (See *Daniel*, *supra*, 57 Cal.App.5th at p. 676, review granted; see also *People v. Watson* (1956) 46 Cal.2d 818, 836.)  As we explain, the jury's finding on the kidnapping-murder special circumstance in this case establishes that petitioner is ineligible for resentencing relief as a matter of law, and he therefore was not prejudiced by the court's summary denial of the petition.

Section 189, as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.), now permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved.  Among such circumstances, a felony-murder conviction is permissible if the defendant was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2.  (§ 189, subd. (e).)  Here, the jury found true a felony-murder special circumstance pursuant to section 190.2, subdivision (a)(17)(B), which imposes a sentence of death or life without the possibility of parole for a murder committed during the commission, or attempted commission, of a kidnapping.  (§ 190.2, subd. (a)(17)(B).)  To make such a finding, the jury was required to find that petitioner acted "with reckless

8.

indifference to human life and as a major participant" in aiding or abetting the commission of the underlying felony. (§ 190.2, subd. (d); *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill [No.] 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) Thus, by finding the special circumstance true, the jury made the requisite findings necessary to sustain a felony-murder conviction under the amended law. Petitioner is therefore ineligible for resentencing under section 1170.95 as a matter of law, and he was not prejudiced by the trial court's failure to appoint counsel or afford petitioner the other procedures outlined in subdivision (c).

Nonetheless, petitioner argues the trial court was not permitted to rely on the record of conviction to summarily determine whether he made a prima facie showing that he falls within the provisions of section 1170.95. As indicated above, the issue of whether the trial court may consider the record of conviction in determining whether a petitioner has made a prima facie showing of eligibility for relief under section 1170.95 is currently pending before our Supreme Court. (*Lewis*, *supra*, 43 Cal.App.5th 1128, review granted.) In the meantime, however, the Courts of Appeal appear to be in an agreement that, at the very least, the trial court may rely on the record of conviction to "deny a petition *after* deeming it facially sufficient, appointing counsel, and receiving briefing from the parties" (*Daniel*, *supra*, 57 Cal.App.5th at p. 677, review granted), particularly where the court's review of that record is "limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion . . . ." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.) We therefore consider the record of conviction in determining whether petitioner was prejudiced by the court's summary denial of his petition.

Petitioner additionally argues that the special circumstance finding, standing alone, is insufficient to render him ineligible for resentencing as a matter of law. In support, he relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark*

9.

(2016) 63 Cal.4th 522 (*Clark*), both decided nearly 20 years after his conviction. "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033 (*Gomez*).) Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law (see *People v. Jones* (2020) 56 Cal.App.5th 474, 478-479 [collecting cases], review granted Jan. 27, 2021, S265854 (*Jones*)), and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606).

Courts which have held that a pre-*Banks* and *Clark* felony-murder special-circumstance finding bars section 1170.95 resentencing relief have reasoned that *Banks* and *Clark* merely clarified the law as it always was. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; accord, *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) These courts further note that our Supreme Court does not require juries to be instructed on the *Banks* and *Clark* clarifications. "Rather, while CALCRIM No. 703 now includes *optional* language drawn from *Banks* and *Clark* regarding the factors a jury *may consider*, '[t]he bench notes to the instruction state that *Banks* "stopped short of holding that the court has a sua sponte duty to instruct on those factors," and *Clark* "did not hold that the court has a sua sponte duty to instruct on those factors." ' " (*Nunez*, at pp. 92-93; accord, *Jones*, at p. 484; *Allison*, at pp. 458-459.) Thus, these courts found "no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently

10.

than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards." (*Nunez*, at p. 94.)

These courts have also held that an attack on a special circumstance finding in a section 1170.95 proceeding effectively constitutes a collateral attack on the judgment. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142, review granted Oct. 14, 2020, S264284; *Gomez*, *supra*, 52 Cal.App.5th at p. 16, review granted.) According to these courts, a petitioner who wishes to argue the special circumstance finding is invalid under current law must first seek to invalidate that finding through a petition for writ of habeas corpus before seeking resentencing pursuant to section 1170.95. (*Galvan*, at p. 1142; *Gomez*, at p. 17; *Jones*, *supra*, 56 Cal.App.5th at p. 485, review granted.) These courts reason that a contrary interpretation "would read into section 1170.95 a new procedure allowing petitioners to ignore a special circumstance finding—no matter how well supported in the record—as well as the recognized method of challenging it. Such petitioners would be allowed to relitigate a prior jury finding at an evidentiary hearing where the prosecution bears the burden of proving the truth of the finding, beyond a reasonable doubt, a second time." (*Jones*, at p. 485.)

On the other hand, courts that have found a special circumstance finding insufficient to render a petitioner ineligible for relief have reasoned that *Banks* and *Clark* "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011; accord, *People v. Harris* (2021) 60 Cal.App.5th 939, 958, review granted Apr. 28, 2021, S267802.) Thus, these courts surmised that a petitioner with a pre-*Banks* and *Clark* special circumstance finding may have been convicted based on "conduct that is not prohibited by section 190.2 as currently understood." (*Torres*, at p. 1180; accord, *Harris*, at p. 958; *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93, review granted July 22, 2020, S262835.) To the

11.

extent the jury's finding on a felony-murder special circumstance is legally insufficient under *Banks* and *Clark*, it cannot refute a prima facie showing of entitlement to resentencing relief. (*People v. Secrease* (2021) 63 Cal.App.5th 231, 256.) Accordingly, in considering whether a petitioner is entitled to relief pursuant to section 1170.95, the trial court must first determine whether "the evidence presented at trial was sufficient to support the felony-murder special-circumstance finding under *Banks* and *Clark*." (*Secrease*, at p. 264.)

We find more persuasive those cases holding that a special circumstance finding precludes relief as a matter of law. *Banks* and *Clark* did not state a new rule of law. Rather, they relied on the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 and *Tison v. Arizona* (1987) 481 U.S. 137 to clarify principles that had long been in existence at the time petitioner was convicted. (See *In re Miller* (2017) 14 Cal.App.5th 960, 978; accord, *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.) *Enmund* prohibited felony-murder liability for a defendant that "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, at pp. 795, 797.) *Tison* held that, "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." (*Tison*, at pp. 151, 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2, subdivision (d). (*Banks*, *supra*, 61 Cal.4th at p. 800.) To the extent *Banks* and *Clark* illuminated factors a fact finder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those factors from *Edmund* and *Tison*. (See *Banks*, at pp. 801, 803; see also *Clark*, *supra*, 63 Cal.4th at pp. 615, 618-623.) These principles existed when petitioner was convicted

12.

and, absent a determination on direct appeal or in habeas that the evidence was insufficient to support the jury's finding, there is no basis to conclude petitioner's jury applied different standards than those described in *Banks* and *Clark*.[5]

Finally, we reject petitioner's assertion that the summary denial of his petition violated his constitutional rights to due process and to counsel. To the extent a petitioner has a right to counsel prior to the issuance of an order to show cause, that right is statutory, not constitutional, and is susceptible to review for prejudice. (*Daniel*, *supra*, 57 Cal.App.5th at pp. 674-676, review granted; accord, *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114-1115, review granted Nov. 13, 2019, S258175 [the retroactive relief afforded by Senate Bill No. 1437 (2017-2018 Reg. Sess.) " 'is not subject to Sixth Amendment analysis' "]; see *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064.) As we have already explained, petitioner was not prejudiced by the court's denial of his petition. Moreover, due process is implicated when the state attempts to deprive a defendant of some liberty interest. (*Hewitt v. Helms* (1983) 459 U.S. 460, 466, abrogated on another point by *Sandin v. Conner* (1995) 515 U.S. 472, 483, fn. 5.) But petitioner is "categorically ineligible for relief under section 1170.95." (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 908, review granted Aug. 12, 2020, S263219.) He thus had no liberty interest in any of the procedures afforded by section 1170.95, subdivision (c). (See *Tarkington*, at p. 908.)

In sum, we conclude that petitioner is ineligible for relief as a matter of law, and any error in failing to appoint counsel or follow the procedures outlined in section

---

[5] The trial court relied on the special circumstance finding to conclude petitioner was ineligible for resentencing. Petitioner contends that, in doing so, the trial court improperly resolved a disputed factual issue. We disagree. The special circumstance finding renders petitioner ineligible as a matter of law, and the court therefore was not required to evaluate the facts described in this court's opinion in petitioner's direct appeal to determine whether petitioner was a major participant who acted with reckless indifference to human life. To the extent the court may have done so, such effort was harmless for the reasons already stated.

13.

1170.95, subdivision (c) was harmless. (*Daniel*, *supra*, 57 Cal.App.5th at p. 677, review granted; accord, *People v. Law* (2020) 48 Cal.App.5th 811, 826, review granted July 8, 2020, S262490 [any error in failing to appoint counsel was harmless because counsel would not have been able to demonstrate petitioner was eligible for resentencing]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 675, review granted July 8, 2020, S262481 [any error in failing to appoint counsel was harmless because petitioner did not fall within the provisions of § 1170.95 as a matter of law].)

## DISPOSITION

The order is affirmed.