Filed 4/27/22  P. v. Hendrix CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH HENDRIX,<br><br>    Defendant and Appellant. | F081939<br><br>(Super. Ct. No. BF140718B)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Ryan B. McCarroll, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

In 2012, a jury convicted petitioner Joseph Hendrix of the second degree murder of Jacob Ramirez (Pen. Code,[1] § 187, subd. (a); count 1) and the attempted murder of Manuel G.[2] (§§ 187, subd. (a), 664; count 2).[3] The trial court sentenced petitioner on count 1 to a term of 15 years to life, and on count 2 to a consecutive term of seven years, with an additional consecutive term of 25 years to life on each count for a firearm enhancement (§ 12022.53, subds. (d), (e)(1)).

In 2019, petitioner filed a petition for resentencing on his murder conviction pursuant to section 1170.95. The trial court denied the petition on the ground petitioner was a major participant in the offense who acted with reckless indifference to human life, a disqualifying factor under section 1170.95, subdivision (a)(3).

On appeal, petitioner argues, and the People concede, the trial court engaged in premature factfinding and instead should have issued an order to show cause and conducted an evidentiary hearing to resolve petitioner's eligibility for resentencing on his murder conviction. Additionally, as the parties agree, section 1170.95 has been amended since the filing of the petition to expressly permit resentencing of certain persons convicted of attempted murder. (§ 1170.95, subd. (a); see Sen. Bill No. 775 (2021-2022 Reg. Sess.) (Sen. Bill No. 775); Stats. 2021, ch. 551, §§ 1-2.) The People concede this amendment applies retroactively to petitioner and that petitioner is entitled to an order to show cause under section 1170.95 with regard to his attempted murder conviction.

We accept the People's concession with regard to petitioner's murder conviction and will reverse the trial court's order with regard to that count and remand for further

---

[1] Undesignated statutory references are to the Penal Code.

[2] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

[3] Petitioner was convicted of additional offenses and enhancements, as described below.

proceedings, to include the issuance of an order to show cause. However, because the petition did not seek resentencing on petitioner's attempted murder conviction, and the trial court did not address that count, the issue of petitioner's resentencing eligibility on the attempted murder count is not properly before us. Petitioner may amend his petition on remand, if desired.

### FACTUAL AND PROCEDURAL HISTORY

In petitioner's direct appeal, we summarized the facts underlying petitioner's offenses as follows.[4]

> "On February 16, 2012, . . . [Samuel Xavier] Bryant and [petitioner] sought out Jacob Ramirez, who lived in the apartment below the one that Bryant shared with his mother. Bryant was a juvenile and [petitioner] was his uncle. Both Bryant and [petitioner] were members of the West Side Crips.
>
> "During their search, Bryant and [petitioner] aggressively questioned Ramirez's friends and family as to his whereabouts. Eventually, a friend of Ramirez's mother, [Manuel], went into the apartment to find him. Ramirez went outside, and shortly thereafter, [Manuel] saw the three men engaged in a fistfight. During the course of the fight, Bryant was knocked down and broke his jaw, while Bryant's mother, who was also on the scene, was knocked to the ground as well.
>
> "At that time, [Manuel] stepped in front of Ramirez and pushed him away from the fight. As he did so, however, Bryant fired several shots in their direction. Ramirez's mother testified that Bryant continued to shoot at Ramirez as Ramirez crawled on the ground. Of the shell casings recovered from the scene, one had struck the occupied apartment that Ramirez lived

---

[4] We previously granted petitioner's request for judicial notice of the nonpublished opinion in his direct appeal. (*People v. Bryant, et al.* (Dec. 12, 2014, F066725) [nonpub. opn.] (*Bryant*).) We provide these facts because they were referred to by both parties in their briefing. However, we do not rely on this factual summary in resolving the issues presented in this appeal. (See § 1170.95, subd. (d)(3).)

The People's brief also cites to the record on appeal in petitioner's direct appeal. However, neither party has requested judicial notice of that record and we decline to take judicial notice sua sponte.

in, one had wounded [Manuel], and another had struck Ramirez in the chest. Ramirez died from the gunshot wound on April 7, 2012.

"When interviewed by the police, Bryant stated that the dispute with Ramirez stemmed from a marijuana purchase Bryant had made from Ramirez. Bryant stated that he had purchased $10 of marijuana from Ramirez, but had sought a refund. Bryant was subsequently charged in the shooting and [petitioner] was charged as an accomplice." (*Bryant*, *supra*, F066725.)

Following a jury trial, petitioner was found guilty of "second degree murder (count 1; § 187, subd. (a)), attempted murder (count 2; §§ 664/187, subd. (a)), two counts of assault with a semiautomatic firearm (counts 3 & 4; § 245[,] subd. (b)), discharging a firearm at an inhabited dwelling (count 5; § 246), and active participation in a criminal street gang (count 6; § 186.22, subd. (a)). Enhancements under section 12022.53, subdivisions (d) and (e)(1) applied to counts 1 and 2; enhancements under sections 12022.7 and 186.22, subdivision (b)(1) applied to counts 2, 3, and 4; an enhancement under [section] 12022.5, subdivision (a) applied to counts 3 and 4; and an enhancement under section 12022.53, subdivisions (c) and (e)(1) applied to count 5."[5] (*Bryant*, *supra*, F066725.)

The trial court sentenced petitioner on count 1 to a term of 15 years to life, plus a term of 25 years to life for the firearm enhancement; on count 2 to a consecutive term of seven years, plus a term of 25 years to life for the firearm enhancement; and on count 5 to

---

[5] Following the same trial, Bryant was convicted of "first degree murder (count 1; Pen. Code, § 187, subd. (a)), premeditated attempted murder (count 2; §§ 664/187, subd. (a)), two counts of assault with a semiautomatic firearm (counts 3 & 4; § 245, subd. (b)), discharging a firearm at an inhabited dwelling (count 5; § 246), and active participation in a criminal street gang (count 6; § 186.22, subd. (a)). Enhancements under section 12022.53, subdivisions (d) and (e)(1) applied to counts 1 and 2; enhancements under section 12022.7 applied to counts 2, 3, and 4; enhancements under sections 12022.5, subdivision (a) and 186.22, subdivision (b)(1) applied to counts 3 and 4; and an enhancement under section 12022.53, subdivisions (c) and (e)(1) applied to count 5. Bryant, a juvenile, was sentenced to an aggregate term of 82 years to life in prison, and the trial court imposed additional fines and fees." (*Bryant*, *supra*, F066725, fn. omitted.)

a concurrent term of 15 years to life.  Sentence on the remaining counts and enhancements was imposed and stayed.  (§ 654; Cal. Rules of Court, rule 4.447.)

On December 12, 2014, this court affirmed.  (*Bryant*, *supra*, F066725.)

On February 14, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1170.95.  In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019.  He further averred that he was not the actual killer and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime.  He also declared he was convicted of second degree murder under the natural and probable consequences doctrine or the felony murder doctrine and could not now be convicted of murder because of changes made to section 188, and that there was a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life.  He additionally requested counsel be appointed to represent him on the petition.

On February 22, 2019, the court appointed counsel to represent petitioner.

On February 27, 2019, the People filed a motion to dismiss the petition on the ground Senate Bill No. 1437 (2017-2018 Reg. Sess.) is unconstitutional.[6]  On August 4, 2020, the People filed a response to the petition on the merits.  Therein, the People filed a statement of facts taken from our opinion in petitioner's direct appeal, and argued that petitioner was ineligible for resentencing because he was a major participant in the murder who acted with reckless indifference to human life.  On October 13, 2020,

---

[6] The motion was fully briefed and eventually denied.

5.

petitioner filed a reply, arguing that the case was presented to the jury under a natural and probable consequences theory, rather than a theory of felony murder or direct aiding and abetting, and thus the record did not establish the jury found he was a major participant in the murder who acted with reckless indifference to human life. Additionally, for the first time, petitioner argued that section 1170.95 also applied to his conviction for attempted murder.

The petition was heard and denied on October 22, 2020. The trial court ruled as follows:

> "While it is conceded that the first two elements contained in Penal Code Section 1170.95 have been satisfied based on the facts and circumstances of the underlying offense, it is equally clear to the Court that if the defendant were tried for murder at this time, he could still be convicted of murder because he was a major participant during the proceeding and he did demonstrate a reckless indifference to human life.

> "For purposes of reviewing a petition, the Court should not consider any testimony evidence or evidence that was received during the course of the trial, but rather is limited to the record of conviction in reviewing documents that would be qualified as records of conviction to discern whether these necessary elements can be met.

> "The Court has reviewed records of conviction only, which places this Court in a precarious position because it was the presiding judge during the trial, and without considering any of the testimony rendered during the course of the trial, but only considering facts and circumstances as expressed in appropriate records of conviction, the Court finds that the defendant certainly was a major participant in the murder and he acted with reckless indifference to human life. The Court makes that finding and is of that opinion specifically based on the facts and circumstances of the underlying case as deduced in the records of conviction reviewed.

> "For those reasons, the Court is going to find that the defendant is ineligible for resentencing pursuant to Penal Code Section 1170.95, and on that basis the Court will deny the petition at this time."

This timely appeal followed.

## DISCUSSION

### I.      Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder.  (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[7]  (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above."  (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice

---

[7] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel."  (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition.  (§ 1170.95, subd. (b)(2).)  Otherwise, counsel must be appointed, if requested.  (§ 1170.95, subd. (b)(3).)  The prosecutor must file a response and the petitioner may file a reply.  The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.)  In making

this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

9.

## II. Petitioner is Entitled to an Order to Show Cause on His Murder Conviction

As the People concede, the record does not conclusively establish, as a matter of law, that petitioner could be convicted of murder under a theory that remains valid under current law.

Pursuant to section 1170.95, a petitioner is ineligible for resentencing if he or she was the actual killer, acted with the intent to kill or malice aforethought, or was a major participant in an underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, the trial court concluded petitioner was ineligible for resentencing because he was a major participant in the offense who acted with reckless indifference to human life. As the People concede, however, there were no jury findings on these points. Thus, as the People also concede, the trial court could have made such determinations only by engaging in factfinding based on the record of conviction, which is impermissible at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) In this regard, the trial court erred.

The People do not contend petitioner is ineligible for resentencing as a matter of law on any other basis. Petitioner adequately alleged a prima facie claim for resentencing and the record does not rebut his allegations as a matter of law. Thus, the trial court was required to issue an order to show cause (§ 1170.95, subd. (c)), and to hold a hearing at which the prosecution bears the burden of proving petitioner's ineligibility for resentencing beyond a reasonable doubt, unless such hearing is waived (§ 1170.95, subd. (d)). In failing to do so, the court erred. Accordingly, we must reverse and remand for further proceedings. We express no opinion on the merits of the petition.

## III. The Attempted Murder Conviction is Not Properly Before Us

At the time the trial court considered petitioner's petition, section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder. (§ 1170.95, former subd. (a).) However, section 1170.95 has since been amended to

10.

"[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775; Stats. 2021, ch. 551, § 1, subd. (a).) These amendments took effect on January 1, 2022. The parties submitted supplemental briefing on the effect of these amendments on petitioner's appeal.

As the parties agree, the trial court's order denying the petition is not yet final and Senate Bill No. 775 has already taken effect. Therefore, the revisions set forth in Senate Bill No. 775 apply to the instant petition. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652; see *People v. Vieira* (2005) 35 Cal.4th 264, 305-306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 [a criminal judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed].) In light of Senate Bill No. 775, the People "no longer dispute that this Court should remand the case with directions to issue an order to show cause under section 1170.95 as to . . . the attempted murder in count 2."

However, the petition does not contain any allegations regarding petitioner's conviction for attempted murder. Petitioner belatedly raised such allegations in a reply brief in the trial court. (See *In re Luke H*. (2013) 221 Cal.App.4th 1082, 1090 [arguments raised for the first time in a reply brief are untimely].) The trial court's ruling did not address them. There is therefore no trial court ruling for us to review regarding petitioner's eligibility for resentencing on his attempted murder conviction. We decline to address petitioner's eligibility for resentencing on this count in the first instance.

Petitioner may amend his petition for resentencing on remand to include allegations regarding his attempted murder conviction, if desired. Petitioner retains any remedies available to him in the trial court.

## DISPOSITION

The October 22, 2020 order denying petitioner's section 1170.95 petition for resentencing is reversed.  On remand, the trial court is directed to issue an order to show cause and to conduct further proceedings as required under section 1170.95, subdivision (d), in light of the principles set forth herein.